**Honorable Jamal N. Whitehead**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NICOLE PICHE and AARON PICHE, adult individuals,

Plaintiffs,

vs.

SAFECO INSURANCE COMPANY OF AMERICA, an insurance company doing business in Washington,

Defendant.

No. 2:23-cv-01188-JNW

**STIPULATED PROTECTIVE ORDER**

1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2. “CONFIDENTIAL” MATERIAL

“Confidential” material shall include the following documents and tangible things produced or otherwise exchanged:

It is anticipated that Safeco may designate the following information as confidential:

1. Defendant’s internal policies and practices;

2. Information relating to Defendant’s underwriting procedures, including pricing and rating;

3. Claims handling guidelines and related training material;

4. Reserving guidelines;

5. Reserve and/or reinsurance information;

6. Other insureds’ claims files or underwriting files; and

The listing of specific types of documents is not an admission that such are relevant to this case, that such are otherwise subject to discovery or admissible in evidence, or that such are actually confidential. Such listing simply indicates that if such production is required, it will be done pursuant to the terms of this Protective Order.

There may be other categories of documents, and this list may be expanded or narrowed as discovery progresses by Court order or agreement of the parties.

3. SCOPE

This Order governs the handling of all documents, testimony, and all other information, including copies, excerpts, quotations, and summaries thereof (collectively Material) produced by the parties in this action. Certain information to be produced in this case involves documents that a party believes contain proprietary information and/or trade secrets.

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise. Interrogatory answers, responses to requests for production, responses to requests for admission, deposition transcripts or exhibits, pleadings, motions, affidavits, briefs and summaries of confidential information or documents that quote, summarize, or contain materials entitled to protection may be accorded status as stamped confidential documents, but to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection. "Confidential Material" shall mean all such "Material" designated by any party as "Confidential – Subject to Protective Order."

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1 Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential Material shall not be used for any business or any other purpose whatsoever, and shall not be given, shown, made available, or communicated in any way to anyone except those specified in this agreement, below in subparagraph 4.2. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is

limited to the persons authorized under this agreement.

4.2 Disclosure of “CONFIDENTIAL” Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a) the receiving party’s counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney’s Eyes Only and is so designated;

(c) former partners, employees, officers, or agents of the parties who counsel, in good faith, requires to provide assistance in the conduct of this lawsuit and who have signed the “Acknowledgement and Agreement to Be Bound” (Exhibit A);

(d) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the “Acknowledgment and Agreement to Be Bound” (Exhibit A);

(e) the court, court personnel, and court reporters and their staff;

(f) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the “Acknowledgment and Agreement to Be Bound” (Exhibit A), unless otherwise agreed by the designating party or ordered by the court, provided, however, that a party may use Confidential Material at a deposition or court proceeding of a deponent or witness who has not already signed the certification in the form of Exhibit A hereto,

in which case, the Party's obligation shall be to ask that the deponent or witness sign the certification, but the Party's right to proceed with the deposition or court proceeding shall not depend on the deponent's or witness's willingness to do so. In the event a deponent or witness being shown Confidential Material refuses to sign the certification, the deponent or witness shall not be permitted to retain, reproduce, or copy all or any part of the Confidential Material. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(i) court reporters who take and transcribe testimony for use in this lawsuit;

(j) persons or entities to whom a party has a contractual, legal, or regulatory obligation to provide Confidential Material, including insurers, reinsurers, reinsurance intermediaries, retrocessionaries, regulators, retrocessionary accountants, and auditors of any Party;

(k) any person agreed to in writing by all parties or allowed by the Court.

(l) Counsel for each party to this lawsuit shall be responsible for maintaining copies of acknowledgements signed by those people to whom that party or his or her agents, employees, consultants, or counsel make available Confidential Material.

4.3 Filing Confidential Material.

(a) Documents containing Confidential Material of any party shall not be filed with the Court unless necessary for purposes of trial or substantive motions, including without limitation, motions for preliminary injunction or summary judgment, discovery related motions, or other Court matters.

(b) Before filing confidential material or discussing or referencing such

material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

(c) The Clerk of the Court is directed to maintain under seal all documents and transcripts of deposition testimony filed with this Court in this litigation by any party which are, in whole or in part, designated as Confidential Material, including all pleadings, deposition transcripts, exhibits, discovery responses, or memoranda purporting to reproduce or paraphrase such information, PROVIDED that such documents are ordered sealed by the Court or are the subject of a pending motion to seal. The party filing such material shall designate to the Clerk that all or a designated portion thereof is subject to this Order and is to be kept under seal. A complete, unredacted set of documents filed under seal shall be provided by the filing party to opposing counsel the same day the documents are filed, to the extent counsel is otherwise entitled to review the redacted portions.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take

care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) Interrogatories or requests for production or admission: the parties must designate portions as Confidential Material by means of a statement at the conclusion of such

responses specifying the responses or parts thereof that are designated as Confidential Material. The Legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be placed, stamped, or otherwise affixed on each page of any set of responses to interrogatories or requests for production or admission that contain Confidential Material.

(c) Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. The party designating portions of the transcript as confidential must direct the court reporter to mark such portions as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." If no designation is made by a statement to such effect on the record during the course of the deposition or within thirty (30) days after counsel's receipt of the deposition transcript, the transcript shall be considered not to contain any Confidential Material. Portions of the transcript and exhibits designated as containing Confidential Material may only be disclosed in accordance with the terms of this Protective Order. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(d) Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

(e) In the case of verbal communications, the designating party shall designate the communication as containing Confidential Material by advising the recipient orally at the time of the disclosure and in writing within ten (10) days after the disclosure.

(f) This Agreement shall apply with equal force to all copies, notes, summaries, or other compilations and recitations of Confidential Material.

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

(a) The designating party may subsequently designate those documents or other materials as Confidential Material by notifying all parties in writing in a manner which reasonably identifies the documents or other material at issue within thirty (30) days after discovery of its failure to designate. The designating party shall also at its own expense cause all other parties to receive new copies of any such documents or other materials bearing the confidential designation in accordance with the method of designation specified in Paragraph 5.2. The receiving parties shall then destroy the documents or other materials originally produced and replace them with new copies bearing the confidential designation.

(b) After service of a notice in accordance with this section claiming Confidential Material was produced, no motion contesting the protected status of the document or opposing a motion requesting confirmation of the protected status of the document shall rely on an allegation that any protection as to the document was waived by its production in this litigation, provided that: (1) the disclosure was inadvertent, (2) the holder of the designating party took reasonable steps to prevent disclosure, and (3) the holder took reasonable steps to rectify the error.

(c) To the extent any party who received such materials has disclosed the materials to third parties before it received the designating party's written notice of inadvertent disclosure, such party shall advise all third-party recipients that the materials contain Confidential Material and are subject to a protective order and shall use its best efforts to retrieve such materials.

No disclosure of such information or materials shall be made once a party designates them as containing Confidential Material, absent a Court order, and the terms of this Agreement shall govern all such information or materials designated as Confidential Material.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3 Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the

receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10. NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

11. GENERAL PROVISIONS

Nothing in this Agreement shall be construed as creating an obligation to disclose information or documents protected by the attorney-client privilege, attorney work product doctrine, or other applicable privileges or protections. No Party shall be deemed to have waived any objection to the admissibility at trial of any information or documents produced pursuant to this Agreement. If any Confidential Material is used in any discovery or court proceeding before trial, it shall not lose its confidential status solely through such use.

Each party represents and warrants that the individual signing this Agreement on its behalf is fully authorized to sign on behalf of and bind it.

12. MODIFICATIONS

Nothing in this Order shall preclude any party from applying to the Court for relief from this Order, or for additional or different protective provisions as the Court may deem appropriate.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: October 28, 2024 *s/ Joseph Scuderi*

Attorneys for Plaintiff

DATED: October 28, 2024 *s/ Jennifer E. Aragon*

Attorneys for Defendant

PURSUANT TO STIPULATION, IT IS SO ORDERED.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

DATED: October 30, 2024

Jamal N. Whitehead
United States District Court Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, ________________________________ [print or type full name], of _______________________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of ____________ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:______________________

City and State where sworn and signed:_________________________

Printed name:________________

Signature: __________________



FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX