UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NICOLE PICHE and AARON PICHE, adult individuals,<br><br>Plaintiffs,<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA, an insurance company doing business in Washington,<br><br>Defendant. | CASE NO. 2:23-cv-1188-JNW<br><br>ORDER DENYING SUMMARY JUDGMENT |

## 1.  INTRODUCTION

Plaintiffs Nicole and Aaron Piché have sued their home insurer, Safeco Insurance Company of America ("Safeco"), for breaching their insurance contract, negligent claims handling, bad faith, and violating the Washington Consumer Protection Act ("CPA") and Insurance Fair Conduct Act ("IFCA"). Safeco moves for summary judgment dismissal of the Pichés' claims on the grounds that they are time-barred under both the insurance contract and the applicable statutes of limitations. After considering the briefing, the record, and the law, the Court is fully

ORDER DENYING SUMMARY JUDGMENT - 1

informed and finds summary judgment dismissal inappropriate for the reasons below.

## 2. BACKGROUND

Around January 5, 2019, a large tree fell on the Pichés' house during a windstorm, causing significant structural damage and destroying personal property inside. Within a week or two, the Pichés' insurance company, Safeco, inspected the damage and estimated the value of the loss. Dkt. No. 30 at 2. After reviewing the estimate, Nicole Piché believed it was too low. *Id*. Having worked in construction for most of her life, she did not think that Safeco's estimated coverage payment would be enough to repair their home. *Id*. She also "recognized issues that were not listed on the [repair] estimate." *Id*. The Pichés weren't sure about how to proceed, so they hired Jeremy Studer—a licensed public adjuster—to assist them with receiving their full policy benefits considering Safeco's incorrect valuation. *Id*.

Studer testified to the following factual timeline:

- **On January 17, 2019**, he "sent a notice and authorization of [his] engagement as the public adjuster on behalf of the Pichés." Dkt. No. 32 at 2.

- **On April 19, 2019**, he "sent Safeco the Piché Sworn Proof of Loss (POL) and Statements of Loss for the structure claim, which totaled $391,408.86 Replacement Cost (RC) and 279,622.49 Actual Cash Value (ACV)." *Id*.

- **On June 11, 2019**, he "sent Safeco the Piché Sworn [POL] and Statements of Loss for the inventory of personal property portion of the claim, which totaled $87,907.18 (RC) and $80,722.25 (ACV)." *Id*.

- In **June, July, and October 2019**, Safeco adjusted their estimates and offers to the Pichés. *See id*. at 3.

ORDER DENYING SUMMARY JUDGMENT - 2

- **On November 21, 2019**, the Pichés demanded a joint appraisal pursuant to the terms of the insurance contract. The Pichés and Safeco each selected an appraiser, who then agreed upon an "umpire" to resolve disputes. *See id.* at 3–4.

- **On October 30, 2020**, the joint structural appraisal was completed, resulting in an RC of $271,734.24 and an ACV of $260,144.71. (An itemized estimate from the umpire was not provided to the Pichés until March 2, 2022). *Id.* at 4.

- **On July 7, 2021**, "content appraisal was completed for an RC total of $80,063.88 with an ACV total of $72,057.58." *Id.*

- **On August 29, 2022**, Studer received a letter from Safeco informing him and the Pichés of Safeco's final coverage decision and payment of benefits in the amount of $40,423.62. *Id.* at 5–6.

Safeco's August 29, 2022, letter informed the Pichés that Safeco "ha[d] made a payment of $40,423.62 . . . for the Recoverable depreciation owed." Dkt. No. 32-2 at 1. According to Studer, Safeco refused to pay at least $117,000 of the Pichés' covered losses on the structure alone. Dkt. No. 32 at 6. Additionally, Studer explains that Safeco denied various coverage requests and limited the available coverage "based on a policy limitation for mold," even though mold had never previously been addressed by Safeco or by the appraisal. *Id.*

As for the governing insurance policy, it includes the following relevant clauses:

> **An Insured's Duties After Loss.** In case of a loss to which this insurance may apply, you must perform the following duties: (a) cooperate with us in the investigation, settlement or defense of any claim or suit . . . .
>
> **Appraisal.** If you and we do not agree on the amount of the loss . . ., then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected . . . . The appraisers shall first select a competent and disinterested umpire . . . . then resolve the issues surrounding the loss

ORDER DENYING SUMMARY JUDGMENT - 3

> [and] appraise the loss, stating separately the **actual cash value** or **replacement cost value** of each item, and, failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, . . . shall determine the amount of loss.
>
> **Suit Against Us.** No action shall be brought against us unless there has been compliance with the policy provisions and the action is started within one year after the inception of the loss or damage.

Dkt. No. 26-10 at 29–31.

On July 7, 2023, the Pichés sued Safeco in King County Superior Court, and Safeco removed this action to federal court on August 7, 2023. *See* Dkt. Nos. 1, 1-1.

## 3. DISCUSSION

Safeco urges summary judgment dismissal based on the applicable statutes of limitation and the insurance policy's suit limitation clause (*supra*, "Suits Against Us"). These are each affirmative defenses on which Safeco bears the burden of proof. *See Johnson v. Phoenix Assur. Co. of N.Y.*, 425 P.2d 1, 1–2 (Wash. 1967) ("As an affirmative defense to the complaint, the defendant interposed the policy provision which bars liability if suit is not commenced within 12 months after the loss.").

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). On summary judgment, the Court must view all facts in the light most favorable to the non-moving party and draw all reasonable inferences in the non-moving party's favor. *Hawai'i Disability Rts. Ctr. v. Kishimoto*, 122 F.4th 353, 363 (9th Cir. 2024).

**3.1   The Pichés' extracontractual claims are timely.**

The Court considers the timeliness of the Pichés' extracontractual claims first. The Pichés' negligence, bad faith, and IFCA claims are subject to Washington's general, three-year statute of limitations for tort actions. *See Safeco Ins. Co. of Am. v. Butler*, 823 P.2d 499 (1992); RCW 4.16.080. The Pichés' CPA claim is subject to a four-year statute of limitations. RCW 19.86.120. The question of timeliness turns on when the Pichés' extracontractual claims accrued.

Under Washington's "discovery rule of accrual," a cause of action "accrues when the plaintiff discovers, or in the reasonable exercise of diligence should discover, the elements of the cause of action." *Harvey v. Mid-Century Ins. Co.*, 2:23-cv-00873-LK, 2024 WL 2133611, at *4 (W.D. Wash. May 13, 2024) (King. J.) (quoting *1000 Va. Ltd. P'ship v. Vertecs Corp.*, 146 P.3d 423, 428 (Wash. 2006)). "This does not mean that the action accrues when the plaintiff learns that he or she has a legal cause of action; rather, the action accrues when the plaintiff *discovers the salient facts* underlying the elements of the cause of action." *Id.* (emphasis added) (quoting *1000 Va. Ltd. P'ship*, 146 P.3d at 428).

In the insurance context, courts have found that negligence, bad faith, and IFCA claims accrue when the insured knows or should have known "that [their] insurer unreasonably denied benefits or extended an unreasonable settlement offer." *Id.*; *Trumbull v. Am. Sec. Ins. Co.*, Case No. 17-cv-00125-RAJ, 2018 WL 3769797, at *2 (W.D. Wash. Aug. 9, 2018) (Jones, J.). In the same vein, "[a] CPA cause of action accrues . . . when a party has the right to apply to a court for relief[,]

such as when an insurer unreasonably denies the insured's claim." *Harvey*, 2024 WL 2133611, at *4 (internal quotation omitted).

The Pichés' extracontractual claims arise from Safeco's August 29, 2022, coverage decision—the Pichés contend that the decision violated Washington common law, the CPA, and IFCA by unreasonably denying them coverage and benefits to which they were entitled under their insurance policy. Because Safeco's August 29 decision forms the basis for their claims, the Pichés obviously would not have had the "salient facts" to challenge Safeco's coverage decision before then. *See 1000 Va. Ltd. P'ship*, 146 P.3d at 428. Thus, the Pichés' extracontractual claims accrued on August 29, 2022. The Pichés filed this lawsuit on July 17, 2023, so their extracontractual claims easily fall within the statute of limitations.[1]

### 3.2   Genuine issues of material fact on equitable estoppel preclude summary judgment dismissal of the Pichés' contract claim.

"Estoppel is an equitable doctrine invoked to avoid injustice in particular cases." *Heckler v. Comm. Health Servs. of Crawford Cnty.*, 467 U.S. 54, 59 (1984). "In an insurance context, estoppel precludes an insurer from asserting a right where it would be inequitable to permit the assertion." *McDermed v. Safeco Ins. Co. of Am.*, Case No. 3:22-cv-5724-BJR, 2023 WL 1468472, at *2 (W.D. Wash. Feb. 2, 2023) (Rothstein, J.) (internal quotation omitted). In Washington, equitable estoppel requires: "(1) an admission, statement, or act inconsistent with the claim afterwards

---

[1] This is not to say *that no viable claim against* Safeco accrued before August 29, 2022. For instance, it is possible that Safeco's 2019 settlement offers were independently actionable under Washington common law, the CPA, and IFCA.

ORDER DENYING SUMMARY JUDGMENT - 6

asserted, (2) action by the other party on the faith of such admission, statement, or act, and (3) injury to such other party resulting from allowing the first party to contradict or repudiate such admission, statement, or act." *Id.* (quoting *Dombrosky v. Farmers Ins. Co. of Wash.*, 928 P.2d 1127, 1134 (Wash. Ct. App. 1996) (internal quotation omitted)). Under Washington law, an insurance company is estopped from enforcing a suit limitation period if it "induce[d] the plaintiff to believe that . . . the question of adjustment was [still] an open one" when the limitation period expired. *Id.* (quoting *David v. Oakland Homes Ins. Co.*, 39 P. 443, 444 (Wash. 1895)); *see also Tinsley v. Am. Fam. Connect Prop. and Cas. Ins. Co.*, Case No. 2:22-CV-0099-TOR, 2022 WL 4239051, at *3 (E.D. Wash. Sept. 14, 2022) (Rice, J.) ("In the insurance context, Washington courts have imposed equitable estoppel when the insurance company has taken some action that leads the insured to believe the claim was still open for evaluation."); *Dickson v. U.S. Fid. & Guar. Co.*, 466 P.2d 515, 517 (Wash. 1970) (en banc) ("defendant [insurer] was estopped to raise the 1-year [contract] limitation as a defense" where it represented that its decision "was not final," causing plaintiffs to "refrain from commencing an action").

The Pichés have shown that their claim was still open for adjustment well past the policy's one-year limitation period. Before the limitation period expired, the Pichés exercised their right under the contract to request an appraisal because they disagreed with Safeco's estimate. *See* Dkt. No. 32 at 3–6. The Pichés were still engaged in a joint appraisal process—cooperating with Safeco as required by their policy—more than two years after the loss. *See id.* Accordingly, evidence of

equitable estoppel exists, and thus Safeco is not entitled to judgment as a matter of law on their contractual limitation defense.

### 4. CONCLUSION

The Court finds that the Pichés' extracontractual claims are timely and that genuine issues of material fact about the operation of equitable estoppel preclude summary judgment on Safeco's contractual limitation defense. Accordingly, the Court DENIES Safeco's Motion for Summary Judgment. Dkt. No. 25.

Dated this 4th day of February, 2025.

_____
Jamal N. Whitehead
United States District Judge